UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EESAM ARABBO,

    Plaintiff,      No. 13-11331

v.           District Judge Victoria A. Roberts
           Magistrate Judge R. Steven Whalen

CITY OF BURTON, ET AL.,

    Defendants.

_____/

## OPINION AND ORDER

   Before the Court is Defendants' Motion to Dismiss [Doc. #45], based on

Plaintiff's failure to appear at his deposition. For the reasons discussed below, the motion

is DENIED. However, pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 37(d)(3), Plaintiff's

attorney is sanctioned in the amount of $125.00.[1]

## I. LEGAL PRINCIPLES

   Rule 37 provides for sanctions for failure to make disclosures or cooperate in

discovery.  Rule 37(b) provides for sanctions where a party fails to comply with a court

order regarding discovery, including, under Rule 37(b)(2)(A)(v), dismissing the action in

---

[1] Although the motion is titled "motion to dismiss," the relief I am granting is non-dispositive. I therefore proceed by Order under 28 U.S.C. § 636(b)(1)(A), rather than Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Bell–Flowers v. Progressive Ins. Co.,* 2005 WL 3434818, at *1, 2 n. 1 (W.D.Tenn. Dec.13, 2005) ("The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." (citing cases)); *Coleman v. Canton Township,* 2010 WL 3906015, *1 (E.D.Mich. 2010)("a party's characterization of a motion as being 'dispositive' or 'non-dispositive' does not make it so"); *Beattie v. CenturyTel, Inc.,* 2009 WL 5066676, *1 (E.D.Mich. 2009).

whole or part. Rule 37(d)(3) incorporates the provisions of Rule 37(b)(2)(A), and also provides that " the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis added).

A motion for sanctions under Rule 37 is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988).  The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered.   *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction" of dismissal, the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large. *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

-2-

## II.   DISCUSSION

On November 4, 2014, the Defendants filed a motion to compel Plaintiff's deposition [Doc. #31]. They alleged that "multiple requests for dates for the deposition of the Plaintiff have been made and have been ignored." On December 31, 2014, I entered an order granting Defendants' motion, and ordering that "Plaintiff's deposition shall be held no later than January 27, 2015." [Doc. #39]. However, the parties agreed that the Plaintiff's deposition would take place on February 10, 2015. The Plaintiff cancelled that deposition.

In his response [Doc. #49], Plaintiff's counsel states that his client's wife had "an unfortunate medical issue" that "prevented the scheduled February 10, 2015 deposition from being taken." Plaintiff states by affidavit, attached to the response as Exhibit 2, that on Friday, February 6, 2015, he informed his attorney that his wife "had a medical issue that required my attention and concentration," and that he would be unable to attend the deposition on February 10. Attached as Exhibit 3 is a faxed letter that Plaintiff's counsel sent to Defendant's counsel on February 9, stating that the deposition would need to be rescheduled because of a "medical issue" involving Plaintiff's wife. In addition, Plaintiff's counsel states in his motion that he called defense counsel's office on February 6, but was unable to reach him. Defense counsel's legal assistant, Patti Kelly, has submitted an affidavit confirming that she spoke with Plaintiff's counsel on the afternoon of February 6, and attempted to confirm the Plaintiff's deposition. Plaintiff's counsel said that there were "outstanding discovery issues relative to the deposition that he needed to discuss with Mr. Wachsberg (Defendants' counsel)," but did not mention of any health issues.

In terms of the first *Harmon* factor, I am concerned about the difficulty in

obtaining the Plaintiff's deposition. There appears to be a pattern of evasiveness and excuses. While Plaintiff's counsel in fact telephoned defense counsel's office on Friday, February 6, he chose not to mention the medical necessity for an adjournment to counsel's legal assistant. Nevertheless, counsel did follow up with faxed correspondence the following Monday, the day before the scheduled deposition. Plaintiff's counsel could have and should have made a better effort to inform defense counsel of the problem on Friday, either by telling his legal assistant or faxing a letter on Friday. Instead, he merely told Ms. Kelly that there were "outstanding discovery issues."

While it is a close question, and while Plaintiff's counsel could have and should have handled the situation better, I will give him and his client the benefit of the doubt as to whether they willfully disobeyed my order that the Plaintiff be deposed. However, the last-minute cancellation, with last-minute notice to defense counsel, considered in light of the history of cancelled depositions, is deserving of sanctions short of dismissal.

As to the second *Harmon* factor, discovery has been extended to July 27, 2015, which will mitigate any prejudice to the Defendants.

As to the third and fourth factors, Plaintiff has not been warned that failure to cooperate in discovery could lead to dismissal, nor have lesser sanctions been imposed.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' motion to dismiss [Doc. #45] is DENIED.

IT IS FURTHER ORDERED that in lieu of dismissal, and pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 37(d)(3), Plaintiff's attorney is sanctioned in the amount of $125.00, payable to Defendants' counsel.

IT IS FURTHER ORDERED that if Plaintiff has not been deposed to date, his

-4-

deposition will occur within 21 days of the date of this Order.

PLAINTIFF'S FAILURE TO ATTEND HIS SCHEDULED DEPOSITION WILL RESULT IN A RECOMMENDATION THAT HIS COMPLAINT BE DISMISSED.

**IT IS SO ORDERED.**

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 26, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen